# RYDER LAW FIRM

**6739 MYERS ROAD**
**EAST SYRACUSE, NEW YORK 13057**
ryderlawfirm@gmail.com
Phone: 315-382-3617
Fax: 315-295-2502

February 16, 2018

Honorable Lawrence E. Kahn
James T. Foley U.S. Courthouse
445 Broadway, Room 424
Albany, NY 12207-2926

        RE:    Grant, et al v. City of Syracuse, et al
                  5:15-cv-00445-LEK-TWD

Dear Justice Kahn:

Per your request, please find the timeline memorandum detailing what the Plaintiff has determined to be willful delays and misrepresentations in our case by Defendant's counsel.

This case was filed on April 15, 2015 and a Uniform Pretrial Scheduling Order was entered on July 13, 2015. Pursuant to this Order trial was scheduled for September 27, 2016. It is understandable that these orders are initially ambitious, but the Plaintiffs have endeavored to try our very best to adhere to the original order despite the obvious obstacles that have led to our own unintentional delays.

It is our position that every day that goes by our Clients are continuing to suffer damages as a result of the Defendant's actions. Since the date of the initial incident I have had to handle a number of crisis situations whereby the Grant family has been targeted by the Syracuse Police and harassed while in their own home. For example, Mr. Grant, who has worked the same job for close to thirty years and prides himself on his exceptional work record, has had incidents where he has tried to leave his home in the morning for work and could not leave because the Police had his driveway taped off and blocked by vehicles. The Grant family have had the Police parked in front of their home numerous times since this incident and have had the

1

Police drive slowly by and wave to them several times. The Grants are afraid to leave their home and feel as though they are being baited into a reaction. Despite our reluctance to address this issue in this proceeding we feel that unnecessary delays in this case are creating an increasingly volatile situation.

This memorandum will simply document a few of the delays that we believe have been more obvious. First, the most glaring issue is the fact that we have had at least five different attorneys representing the Defendants. It is somewhat understandable that individuals come and go, but the result has been that delays have piled up. An example of this is the November 10, 2016 letter by attorney Strickinger whereby he requests an extension for time to catch-up on the file after the previous attorney left her position. This type of situation on it's own is understandable, but the following letter from Mr. Strickinger dated December 16, 2016 was a blatant misrepresentation of a discussion I had with defense counsel on that date. As the initially requested extension deadline was rapidly approaching I was contacted by counsel and told that I had to resend them our entire expert disclosure. I simply explained that Mr. Bonner was in possession of the materials and had provided them that material a significant time prior to the impending extended deadline. As a result of their last minute review of the materials a continued extension was requested. There have been a number of additional issues that have also led to continued delays. Just one example is the necessity for the Plaintiffs to make a motion to compel the disclosure of the CRB reports for which defense counsel refused to turn over, as outlined in their June 7, 2016 letter.

Your Honor must understand that these types of scenarios may seem trivial on their own, but when combined with statements, like those of Ms. Garvey at our last conference, whereby she stated that the defense had only heard from us late the evening before and only then had we made our first offer to settle this case, it becomes part of a pattern. Charles and I both left a message for counsel directly after the decision of their summary judgment motion was entered. Our call was never returned. Then in accordance with Your Honor's directive we made three more calls in an attempt to both settle this case and to coordinate a trial date. We finally sent an email outlining Your Honor's directives and heard from Ms. DeJoseph the evening before the pretrial conference and she was clearly under a time constraint and had no authority to consider a settlement. It is important to note that per the Court's Order dated July 13, 2015 this case was referred to mandatory mediation. Although parties are bound to confidentiality, it goes without saying that Mr. Bonner and his staff flew to Syracuse to attend this mediation and the outcome was what we consider a complete waste of time. Therefore, when Ms. Garvey, who none of us recognized as one of the numerous attorneys for the Defendant, made the statement that we had only just the night before made a demand to settle, I was less than willing to let that statement pass as the truth. Especially since it was obvious that she did not have authority to consider a settlement demand, as directed by Your Honor.

We understand that a trial date is now scheduled and the points made in this memorandum are likely moot, but it is also incumbent upon us as representatives of the Plaintiff to point out that they have suffered tremendously in this case and as delays and misrepresentations continue to accumulate they continue to live under the fear and suspicion that they will continue to be victimized by the Defendants.

Sincerely,

Jesse P. Ryder