Joseph W. Barry, III
First Assistant Corporation Counsel

Catherine E. Carnrike
Thomas R. Babilon
Meghan E. Ryan
Amanda R. Harrington
John C. Black, Jr.
Christina F. DeJoseph
Kathryn M. Ryan
Ramona L. Rabeler
Erica T. Clarke
Todd M. Long
Khalid Bashjawish
H. J. Hubert

OFFICE OF THE CORPORATION COUNSEL

BEN WALSH, MAYOR

March 7, 2018

***Sent via CM/ECF***
Hon. Lawrence E. Kahn, Senior U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 424
Albany, New York 12207-2926

Re:    Grant, et al. v. City of Syracuse, et al.  (5:15-cv-00445-LEK-TWD)

Dear Judge Kahn:

By permission of the Court I write this letter on behalf of Defendants, respectfully responding to Mr. Ryder's letter dated February 16, 2018 (*see* Dkt. No. 98).  As an initial matter, I would note that I have been an attorney of record regarding the above-referenced action since February 9, 2018 (*see* Dkt. No. 97), and, therefore my response with regard to Mr. Ryder's allegations—which span almost two years—is made based on my review of the docket, records in this case, and conversations with employees of the Defendants.

Unrelated to Plaintiffs' allegations of Defendants taking advantage of deadlines, Mr. Ryder begins and ends his letter by alleging that members of the Syracuse Police Department ("SPD") have been harassing Plaintiffs outside their home, "creating an increasingly volatile situation." Respectfully, Defendants are not able to adequately respond to such general allegations that Plaintiffs' continue to be "victimized by Defendants" without further details, reports, or any record of these alleged occurrences other than Mr. Ryder's unspecific accusations in his letter (*see* Dkt. No. 98).  We presently have no information leading us to believe that such conduct is occurring, but if we are presented with credible substantiation, or even specifics, we will of course immediately investigate.

Before addressing Mr. Ryder's specific examples of "willful delay," I would note that changes in personnel with the City of Syracuse is a largely uncontrollable set of individual occurrences that cannot reasonably be construed as an intentional effort by Defendants to delay or prolong the duration of all litigation, and certainly it is not a tactic to specifically delay this particular case.  Unfortunately, turnover in a public, municipal law department is a function of the nature of the position and the practical realities of municipal employment.  All the individuals identified as part of the referenced turnover, with the exception of Ms. DeJoseph, have in fact left the Corporation Counsel's Office.  And, Mr. Ryder's letter does not tie any of these departures to significant delays in the case such as major extensions to the Court's deadlines or the like.  It

233 E. WASHINGTON ST. • 300 CITY HALL • SYRACUSE, N.Y. 13202
(315) 448-8400 • FAX 448-8381 • Web Page: www.syrgov.net
SERVICE OF PAPERS OR PROCESS BY FACSIMILE IS NOT ACCEPTABLE.

Grant, et al. v. City of Syracuse, et al
March 7, 2018
Page 2 of 3

appears that there was a request for a two week extension at Docket Entry No. 38, which was not opposed by Plaintiffs' counsel.  At Docket Entry No. 54 and 56, the City requested a combined forty day extension for expert disclosure, which it appears was not opposed by Plaintiffs' counsel. Beyond these minor extensions, which apparently were not opposed, I was unable to locate any other delay in the case schedule.  Further, it would appear that Plaintiffs' allegation that defendants "have been taking advantage in regards to deadlines" appears to have been first raised in the February 7, 2018 court conference and does not appear to have been raised contemporaneously during the discovery period.

As an example of the delay purportedly created by Defendants, Mr. Ryder cites to a motion to compel that he claims he was "forced" to bring based on objections to the production of documents from a subpoena served upon Citizen's Review Board ("CRB").  This matter was ruled on by Judge Dancks in Docket Entry No. 42.  She does not indicate in the decision that she found anything improper with respect to the City's position regarding the scope of discovery.  In fact, read in context, she validated the City's positon that Plaintiff's counsel were trying the circumvent the scope of her prior ruling regarding discoverable CRB files, by serving a Rule 45 subpoena with broader document production requests than permitted by the previous ruling.  Judge Dancks' subsequent ruling limited the response to that subpoena to the scope of production that she had previously ordered.  Taking a colorable position regarding the acceptable scope of discovery can hardly be considered to be contumacious conduct, because it is conduct common to all litigation and is permitted, if not expected, under the Federal and Local Rules.

Mr. Ryder also expresses dissatisfaction with the responsiveness of certain Corporation Counsel attorneys after the entry of the Court's summary judgment decision, focusing on what appears to be a several day period prior to the pretrial conference in February of this year.  The minute entry for the proceeding does discuss that settlement had been discussed between the parties' counsel prior to, and at, the February 7, 2018 conference.  And, while the City's unwillingness to entertain Plaintiff's $3 Million settlement demand is presumably frustrating to Plaintiff's counsel, I can discern no correlation between this event and counsel's accusation that Defendants have "taking advantage in regards to deadlines."  Plaintiff's counsel also delves into his view on, and dissatisfaction with, confidential communications that occurred during the mandatory mediation in 2015.  In addition to never being contemporaneously raised at that time, we view this discussion as improper and a violation of NDNY Local Rule 83.7(m)(2) ("No communication made in connection with or during any assisted mediation session may be disclosed or used for any purpose in any pending or future proceeding in the U.S. District Court for the Northern District of New York.").  Moreover, it certainly doesn't appear to relate to a delay to the case schedule.

In sum, we respectfully submit that the substantiation contained within Mr. Ryder's February 16, 2018 letter is underwhelming.  In the first sentence of his letter, City attorneys are

Grant, et al. v. City of Syracuse, et al
March 7, 2018
Page 3 of 3

accused of "willful delays and misrepresentations" but that serious allegation is never actually backed up.  Notwithstanding any advantage Plaintiffs seek to gain through these accusations, we respectfully submit that gratuitous ad hominem accusations against counsel have no place in this Court.  We hope going that forward relative to the trial in this matter that the parties' are able to appropriately focus on the merits of the dispute.

We thank you for your attention and consideration in this matter.

Respectfully,

_____/s_____
Todd M. Long, Esq.
Assistant Corporation Counsel
TML/                                       Federal Bar Roll No. 519301

CC:     Jesse P. Ryder, Esq. (*via CM/ECF filing*)
        A. Cabral Bonner, Esq. (*via CM/ECF filing*)
        Charles A. Bonner, Esq. (*via CM/ECF filing*)
        Christina F. DeJoseph, Esq. (*via CM/ECF filing*)
        John G. Powers, Esq. (*via CM/ECF filing*)
        Paul J. Tuck, Esq. (*via CM/ECF filing*)