UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------

ALONZO and STEPHANIE GRANT,

                Plaintiffs,

       v.                  5:15-CV-445

CITY OF SYRACUSE; DAMON LOCKETT,
Police Officer; PAUL MONTALTO, Police
Officer; BRIAN NOVITSKY, Police Officer;
and FRANK FOWLER, Chief of Police,

                Defendants.

----------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF BONNER & BONNER<br>Attorneys for Plaintiff<br>475 Gate 5 Road, Suite 212<br>Sausalito, CA 94965 | A. CABRAL BONNER, ESQ.<br>CHARLES A. BONNER, ESQ. |
| RYDER LAW FIRM<br>Attorneys for Plaintiff<br>121 E. Water Street<br>Syracuse, NY 13202 | JESSE P. RYDER, ESQ. |
| CITY OF SYRACUSE CORPORATION<br>    COUNSEL<br>Attorneys for Defendants<br>233 East Washington Street<br>Room 300 City Hall<br>Syracuse, NY 13202 | CHRISTINA F. DEJOSEPH, ESQ.<br>TODD M. LONG, ESQ.<br>H.J. HUBERT, ESQ.<br>Ass'ts Corporation Counsel |
| HANCOCK ESTABROOK, LLP<br>Attorneys for Defendants<br>1500 AXA Tower I<br>100 Madison Street<br>Syracuse, NY 13202 | JOHN G. POWERS, ESQ.<br>PAUL J. TUCK, ESQ. |

DAVID N. HURD
United States District Judge

# DECISION and ORDER

On April 14, 2015, plaintiffs Alonzo and Stephanie Grant ("plaintiffs") filed this civil rights action seeking compensatory and punitive damages, as well as declaratory relief for injuries arising out of an incident at their house in the City of Syracuse on the evening of June 28, 2014, which led to Alonzo's arrest.[1]

Shortly thereafter, on May 19, 2015, plaintiffs filed an amended complaint. Plaintiffs' amended complaint asserts nineteen causes of action against various named and unnamed City of Syracuse Police Officers. The amended complaint alleges various federal and state law violations of the Grants' civil rights along with other tort claims.

The parties engaged in mandatory mediation which was unsuccessful. They then engaged in lengthy discovery including motion practice related to multiple discovery issues.

On March 21, 2017, defendants collectively moved for summary judgment. The motion was fully briefed, including supplemental briefing on two of Alonzo's claims. The motion was considered on its submissions and without oral argument.

In a detailed opinion dated November 17, 2017, Judge Kahn granted in part and denied in part defendants' motion for summary judgment. Grant v. City of Syracuse, 5:15-CV-445, 2017 WL 5564605 (N.D.N.Y. Nov. 17, 2017) (Kahn, S.J.). Judge Kahn granted the summary judgment motion as to the following claims: Alonzo's § 1983 malicious prosecution claim; Alonzo's § 1985 claim; Alonzo's § 1986 claim; Alonzo's state law claim for

---

[1] This case was initially assigned to Senior United States District Judge Lawrence E. Kahn but was recently transferred to the undersigned.

defamation; Stephanie's state law claim for negligent infliction of emotional distress; plaintiffs' state law claim for intentional infliction of emotional distress; plaintiffs' state law claim for trespass with respect to defendants Montalto and Novitsky; and plaintiffs' state law claim for negligent hiring, retention, and supervision.  As a result, Judge Kahn dismissed those claims.  He also dismissed the Syracuse Police Department and "Does 1-100" as defendants in this action.  Judge Kahn otherwise denied the motion for summary judgment.

Following summary judgment, the following claims remained for trial:  Alonzo's § 1983 claim for false arrest; Alonzo's § 1983 claim for excessive force; Alonzo's state law claim for assault and battery; Alonzo's state law claim for false imprisonment; Stephanie's § 1983 claim for false imprisonment; Stephanie's state law claim for loss of consortium; both plaintiffs' § 1983 claim of unlawful entry against Lockett; both plaintiffs' state law claim for trespass against Lockett; and both plaintiffs' § 1983 claim pursuant to Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) against the City of Syracuse for failure to train, supervise, or discipline police officers.

Judge Kahn later scheduled trial in this matter for October 2, 2018, with pre-trial submissions due on or before September 18, 2018.  Additional disputes among the parties followed.

Ultimately, on July 2, 2018, defendants filed a motion pursuant to Federal Rule of Civil Procedure 42(b) seeking to bifurcate liability, the Monell claim, and damages.  That motion has been fully briefed and is now pending.[2]  It has been considered on the submissions, without oral argument.

---

[2] Defendants have also filed a motion in limine to preclude at trial plaintiffs' expert report and testimony.  That motion has also now been fully briefed and will be considered in a separate Decision and Order.

Specifically, defendants seek an order bifurcating liability from damages and also bifurcating plaintiffs' claims against the individual defendants from plaintiffs' derivative <u>Monell</u> municipal liability claim against the City of Syracuse. They argue convenience, efficiency, and the avoidance of prejudice all weigh heavily in favor of bifurcation. Defendants largely take issue with the substantial amount of damages evidence that plaintiffs have proposed, namely multiple treating physicians and clinical non-retained experts whom will present evidence as to plaintiffs' psychiatric, neurological, and orthopedic injuries. Plaintiffs oppose defendants' motion and contend defendants have failed to make the requisite showing of undue prejudice sufficient to invoke the exception of bifurcation.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). When faced with a motion for bifurcation, a court should consider several factors, including whether "such an order will further convenience, avoid prejudice, or promote efficiency." <u>Amato v. City of Saratoga Springs, N.Y.</u>, 170 F.3d 311, 316 (2d Cir. 1999). "The party seeking bifurcation bears the burden of establishing that bifurcation is warranted." <u>Dallas v. Goldberg</u>, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001).

Defendants have failed to meet their burden demonstrating that bifurcation is warranted in this matter. Instead, in an excessive force claim, plaintiffs' damages *are* relevant to the liability question of whether the force used by the defendant officers was excessive. Further, where evidence for liability and damages are intertwined, as is the case here, judicial economy would actually be diminished by bifurcation. Moreover, plaintiffs' encounter with the individual defendant officers *is* related to plaintiffs' claim of deliberate indifference on the part of the City of Syracuse. Finally, curative instructions, appropriate jury

- 4 -

charges, and special verdict forms are well established means of preempting a jury's inclination to rely on prejudice, sympathy, or bias in their deliberations.

Accordingly, defendants' motion to bifurcate will be denied. Trial remains scheduled for October 2, 2018, in Utica, New York with pre-trial papers due on or before noon on September 18, 2018. Finally, a pre-trial conference will be held on September 25, 2018, in Utica, New York.

Therefore, it is

ORDERED that

1. Defendants' motion to bifurcate is DENIED;

2. Trial remains scheduled for October 2, 2018, in Utica, New York with pre-trial papers due on or before noon on September 18, 2018; and

3. A final pre-trial conference will be held on September 25, 2018, in Utica, New York.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 29, 2018
      Utica, New York.