UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONZO GRANT and STEPHANIE GRANT,

                                                Plaintiff,       **SPECIAL INTERROGATORIES**
                                                                               Civil Action No.: 5:15-CV-445
                                                                               (DNH/TWD)

       v.

**CITY OF SYRACUSE, POLICE OFFICERS DAMON
LOCKETT AND PAUL MONTALTO, POLICE
OFFICER BRIAN NOVITSKY, and
CHIEF OF POLICE FRANK FOWLER.**

                                                Defendants.
_____

## SPECIAL INTERROGATORIES[1]

Please indicate your unanimous responses to the following questions by putting an "X" on the appropriate lines. When the verdict form is completed pursuant to the instructions below, the Foreperson should sign the form and return it to the Courtroom.[2]

### Defendant Officer Damon Lockett

1. Has Defendant Damon Lockett proven that he had a reasonable belief that his conduct did not violate Plaintiffs' civil and constitutional rights?

    Yes _____                     No_____

2. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiffs Alonzo Grant and Stephanie Grant were arguing loudly inside their home?

    Yes _____                     No_____

---

[1] As discussed in Defendants' Trial Brief, Defendants respectfully submit these are special interrogatory questions to provide to the jury in the event the jury finds in favor of the plaintiffs in order for the Court to determine Defendants' defense of qualified immunity. *See Stephenson v. Doe*, 332 F.3d 68, 81 (2d Cir. 2003).

[2] Defendants reserve the right to modify these interrogatories prior to jury submission based on testimony elicited at trial.

3. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Alonzo Grant was extremely upset and/or agitated?

   Yes _____                     No_____

4. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Alonzo Grant was gesturing aggressively with his arms toward Stephanie Grant?

   Yes _____                     No_____

5. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Alonzo Grant punched or shoved the front door open, causing it to slam against the railing of the front porch?

   Yes _____                     No_____

6. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was refusing to allow Officer Lockett to handcuff him?

   Yes _____                     No_____

7. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant locked his hands around Officer Lockett's waist?

   Yes _____                     No_____

8. Did Defendant Damon Lockett establish, by a preponderance of the evidence, that while he was wrestling with Alonzo Grant that he was on his back with Alonzo Grant on top of him?

   Yes _____                     No_____

9. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that there was probable cause to arrest Plaintiff Alonzo Grant with Resisting Arrest because of his actions?

   Yes _____                     No_____

10. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that there was probable cause to arrest Plaintiff Alonzo Grant with Harassment in the Second Degree because of Plaintiff Alonzo Grant's actions against Defendant Damon Lockett?

       Yes _____                           No_____

11. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was engaging in "violent, tumultuous, or threatening behavior"?

       Yes _____                           No_____

12. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was making unreasonable noise?

       Yes _____                           No_____

13. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was using abusive or obscene language, or making an obscene gesture?

       Yes _____                           No_____

14. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was creating a "hazardous or physically offensive condition by any act which serves no legitimate purpose"?

       Yes _____                           No_____

15. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant "struck, shoved, kicked, or otherwise subjected another person to physical contact, or attempted or threatened to do the same"?

       Yes _____                           No_____

16. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was engaged "in a course of conduct or repeatedly commit[ed] acts which alarm[ed] or seriously annoy[ed] other such person and which serve[d] no legitimate purpose"?

    Yes _____            No_____

17. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant "intentionally prevent[ed] or attempt[ed] to prevent" Office Lockett from arresting him?

    Yes _____            No_____

### Defendant Officer Paul Montalto

18. Has Defendant Paul Montalto proven that he had a reasonable belief that his conduct did not violate Plaintiffs' civil and constitutional rights?

    Yes _____            No_____

19. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiffs Alonzo Grant and Stephanie Grant were arguing loudly inside their home?

    Yes _____            No_____

20. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Alonzo Grant was extremely upset and/or agitated?

    Yes _____            No_____

21. Did the Defendant Damon Lockett establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Alonzo Grant punched or shoved the front door open, causing it to slam against the railing of the front porch?

    Yes _____            No_____

22. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was refusing to allow Officer Montalto to handcuff him?

    Yes _____            No_____

23. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Alonzo Grant locked his hands around Officer Lockett's waist?

    Yes _____          No_____

24. Did Defendant Paul Montalto establish, by a preponderance of the evidence, he reasonably perceived and believed that that while Officer Lockett was wrestling with Alonzo Grant that Officer Lockett was on his back with Alonzo Grant on top of him?

    Yes _____          No_____

25. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that there was probable cause to arrest Plaintiff Alonzo Grant with Resisting Arrest because of his actions?

    Yes _____          No_____

26. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that there was probable cause to arrest Plaintiff Alonzo Grant with Harassment in the Second Degree because of Plaintiff Alonzo Grant's his actions against Defendant Damon Lockett?

    Yes _____          No_____

27. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was engaging in "violent, tumultuous, or threatening behavior"?

    Yes _____          No_____

28. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was making unreasonable noise?

    Yes _____          No_____

29. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was using abusive or obscene language, or making an obscene gesture?

    Yes _____          No_____

30. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was creating a "hazardous or physically offensive condition by any act which serves no legitimate purpose"?

    Yes _____                         No_____

31. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant "struck, shoved, kicked, or otherwise subjected another person to physical contact, or attempted or threatened to do the same"?

    Yes _____                         No_____

32. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant was engaged "in a course of conduct or repeatedly commit[ed] acts which alarm[ed] or seriously annoy[ed] other such person and which serve[d] no legitimate purpose"?

    Yes _____                         No_____

33. Did the Defendant Paul Montalto establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Plaintiff Alonzo Grant "intentionally prevent[ed] or attempt[ed] to prevent" Office Lockett from arresting him?

    Yes _____                         No_____


### Defendant Sergeant Brian Novitsky

1. Has Defendant Brian Novitsky proven that he had a reasonable belief that his conduct did not violate Plaintiffs' civil and constitutional rights?

    Yes _____                         No_____

2. Did the Defendant Brian Novitsky establish, by a preponderance of the evidence, that on June 28, 2014, he reasonably perceived and believed that Defendants Lockett or Montalto had arrested Plaintiff Alonzo Grant with probable cause?

    Yes _____                         No_____

WHEN THIS FORM IS COMPLETED PURSUANT TO THE INSTRUCTIONS ABOVE, THE FOREPERSON SHOULD SIGN AND DATE THE FORM AND RETURN IT TO THE COURTROOM.

Date: October _____, 2018                                  _____
                                                                                         Jury Foreperson