UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

___

| | |
|---|---|
| ALONZO GRANT and STEPHANIE GRANT,<br><br><br>       Plaintiffs,<br>       v.<br><br>CITY OF SYRACUSE, POLICE OFFICERS DAMON LOCKETT AND PAUL MONTALTO, POLICE OFFICER BRIAN NOVITSKY, CHIEF OF POLICE FRANK FOWLER and Does 1-100,<br><br>       Defendants. | Civil Action No.: 5:15-CV-445 (DNH-TWD)<br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' <u>SUPPLEMENTAL</u> MOTIONS *IN LIMINE*<br>1 - 13** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MOTIONS *IN LIMINE # 1 - 13***

A. Legal Standard

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. S*ee Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, courts are "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**I. Defendants' Supplemental Motion *In Limine* # 1 Must be Denied**:

The witnesses at issue will testify regarding Mr. Grant's injuries (physical, mental and emotional) and how the incident has affected him.  They are pain and suffering witnesses, not credibility witnesses or character witnesses. Plaintiff has the burden of proof on all elements of his claims, including his damages, both economic and non-economic. These witnesses will provide testimony regarding Mr. Grant's Non-Economic damages, including, but not limited to Pain, Mental and Emotion Distress, Loss of Enjoyment of Live, Fear, Anxiety, Humiliation, Physical Impairment, Permanent injuries, Damage to Self-Image, Suffering, Misery and Inconvenience.

**1. The evidence is Relevant to Mr. Grant's Damages**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice.

The witnesses listed in Plaintiffs' witness list have personal knowledge of Mr. Grant before and after Officers Lockett and Montalto beat him.  Accordingly, the witnesses have personal knowledge of Mr. Grant's injuries and how those injuries impacted Mr. Grant's life. Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Defendants' motion must be denied as they are attempting to deny Mr. Grant Due Process by preventing him from presenting evidence to prove his claims.

Hence, Defendants' Supplemental *In Limine* Motion No. 1 must be denied.

**II. Defendants' Supplemental Motion *In Limine* # 2:**

Plaintiffs do not intend to call Dr. Geeta A. Sangani and Dr. Mark Charlamb

**III. Defendants' Supplemental Motion *In Limine* # 3**:

Plaintiffs do not intend to call Dr. Joseph DiTota.

**IV. Defendants' Supplemental Motion *In Limine* # 4 Must be Denied**:

The Court should allow the District Attorney to testify for the reasons set out in Plaintiffs' opposition to Defendants' Motion *In Limine* # 2.

Mr. Fitzpatrick's testimony is relevant to Mr. Grant's pain of facing a criminal record after 53 years of his life without any conviction of even a misdemeanor. He is entitled to a finding of factual innocence, representing total exoneration, but such a procedure of factual innocence is unavailable to him. The testimony from D.A. Fitzpatrick is not hearsay since D.A. Fitzpatrick wrote the letter in the ordinary course of business and will be at court to testify to the facts contained in the letter. Further, Mr. Grant will be prejudiced if he cannot provide evidence regarding the disposition of the criminal case against him. The fact that the D.A., after an investigation, determined that Mr. Grant did nothing wrong, is evidence that makes it more probable that Mr. Grant was falsely arrested, since the D.A.'s job is to work with police officers to prosecute criminals. In this case, the D.A. had to completely discount admissions of guilt attributed to Mr. Grant by Sgt. Novitsky and Officers Lockett and Montalto. Additionally, his testimony is directly relevant to the *Monell* calims. The fact that Chief Fowler took no action to discipline either officer after D.A. Fitzpatrick's findings as well as the CRB's findings is evidence of ratification and a culture of tolerance of excessive force and dishonesty.

Defendants were obviously on Notice of D.A. Fitzpatrick as a witness in this action because they brought a MIL to exclude his letter. Any failure to include him in the Rule 26(a) disclosure is harmless, because Defendants knew of his role and his importance to Mr. Grant's case.

Therefore, Defendants' Supplemental Motion *In Limine* # 4 must be denied.

**V. Supplemental Motion *In Limine* # 5:**

Plaintiffs do not intend to call any witnesses who have not been sufficiently identified in Plaintiffs' Witness List.

**VI. Supplemental Motion *In Limine* # 6 Must be Denied**:

John R. "Rick" Brown should **_NOT_** be precluded from testifying as this is the type of case where Expert Testimony is needed and helpful to explain to the jury the standards of police use of force as applied to this case, since this evidence is not generally known by lay persons. Plaintiffs incorporate all the argument and points and authorities stated in Plaintiffs' opposition to Defendants' Motion to Exclude Plaintiffs' Expert.

Hence, Defendants' Supplemental *In Limine* Motion # 6 must be denied.

**VII**. **Supplemental Motion *In Limine* # 7:**

Plaintiffs do not intend to introduce a video of CNY Central news coverage of the events in question.

**VIII. Supplemental Motion *In Limine* # 8:**

Plaintiffs do not intend introducing hearsay evidence in the form of newspaper articles.

**IX. Supplemental Motion *In Limine* # 9 Must be Denied:**

Plaintiffs should be permitted to introduce medical records and correspondence to the extent that they contain double hearsay since those records are admissible hearsay because they are offered for the foundational facts for assessment, diagnosis and treatment pertaining to the continuity of care, and to explain Mr. Grants injuries, harms, and damages in business records made in the ordinary course of business, contemporaneously with the events giving rise to this action. Therefore, the records are admissible hearsay, or exceptions to the hearsay rule under Rule 803(6).

Therefore, Supplemental Motion *in Limine* # 9 must be denied.

**The Subject Medical Records are Admissible Hearsay**

The medical records are admissible hearsay under Rule 803(6), providing an exception to the rule against hearsay statements for records of regularly conducted activity, often referred to as the business records exception:

A record of an act, event, condition, opinion, or diagnosis if:

(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The medical records are squarely within the permissible records admissible hearsay.

Hence, Defendants' Motion *In Limine* # 9 must be denied.

## X. Supplemental Motion *In Limine* # 10 Must be Denied:

Plaintiffs should be permitted to introduce redacted letters from Joseph Lipari to Chief Fowler concerning the reports and findings of the CRB against various unnamed officers because these letters provide relevant evidence, proving Plaintiffs' *Monell* Claim. These letters provide Notice of pattern and practice of violations of citizens' rights and the Defendants' deliberate indifference to the violations by failing to provide any corrective or remedial action by the Chief or the City.

Hence, Defendants' Supplemental Motion *In Limine* #10 must be denied.

## XI. Supplemental Motion *In Limine* # 11 must be denied:

Plaintiffs should be permitted to introduce CRB Reports involving unnamed officers because these letters provide relevant evidence, proving Plaintiffs' *Monell* Claim. These CRB reports provide Notice of pattern and practice of violations of citizens' rights and the

Defendants' deliberate indifference to the violations by failing to provide any corrective or remedial action by the Chief or the City.

**CRB Records are Admissible Hearsay:**

As discussed in Plaintiffs' Opposition to Defendants' In Limine # 4, incorporated herein as though fully set forth as an opposition to this In Limine Motion #11, the CRB records are admissible hearsay since they were made in the regular course of business and comply with the predicate foundational facts under Rule 803(6).  Additionally, the key evidence is that, in the face of the evidence in the letter, Chief Fowler did nothing.

Therefore, Defendants' Supplemental Motion *In Limine* # 11 must be denied.

**XII. Supplemental Motion *In Limine* # 12 Must be Denied:**

Plaintiffs should be permitted to introduce CRB Annual Reports. These CRB Annual Reports provide Notice of pattern and practice of violations of citizens' rights and the Defendants' deliberate indifference to the violations by failing to provide any corrective or remedial action by the Chief or the City.

Plaintiffs' Opposition to *In Limine* Motions # 4 and Supplemental *In Limine* Motion # 11 above are incorporated herein as an opposition to this Motion *In Limine* No. 12.

Therefore, Defendants' Supplemental Motion *In Limine* # 12 must be denied.

**XIII. Supplemental Motion *In Limine* # 13 Must be Denied:**

Plaintiffs should be permitted to introduce video interviews of Plaintiffs and their non-party witnesses WITHOUT SOUND to the extent that these videos show locations, juxtaposition of parties, witnesses, and, like a photograph, show events that would not be adequately described in words. These videos would be extremely helpful to the jury.

Therefore, Defendants' Supplemental Motion *In Limine* # 13 must be denied.

Dated: September 28, 2018

/s/ *Charles A. Bonner*
        Charles A. Bonner
        Attorney for Plaintiffs

**RYDER LAW FIRM**
Jesse P. Ryder, Esq.
6739 Myers Road East
Syracuse, NY 13057
Tel: (315) 382-3617
Fax: (315) 295-2502

CHARLES A. BONNER, ESQ. SB# 85413
*Pro Hac Vice*
A. CABRAL BONNER, ESQ. SB# 247528
*Pro Hac Vice*
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
charles@bonnerlaw.com
cabral@bonnerlaw.com
ATTORNEYS FOR PLAINTIFFS


To: ROBERT P. STAMEY, ESQ.
Syracuse, New York CORPORATION COUNSEL
OF THE CITY OF SYRACUSE
Aimee M. Paquette
Assistant Corporation Counsel
Attorney for Defendants
300 City Hall
Syracuse, New York 13202

To: HANCOCK ESTABROOK LLP
    John G. Powers (508934)
    100 Madison Street, Suite 1500
    Syracuse, NY 13202
    Tel: (315) 565-4500
    jpowers@hancocklaw.com

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 28, 2018, he filed Plaintiffs'

Opposition to Defendants' Supplemental Motions In Limine # 1 – 13 by electronically

filing with the Clerk of the Court herein, which is understood to have sent notification

of such filing electronically to the following:


ROBERT P. STAMEY, ESQ.
Syracuse, New York CORPORATION COUNSEL
OF THE CITY OF SYRACUSE
Aimee M. Paquette
Assistant Corporation Counsel
Attorney for Defendants
300 City Hall
Syracuse, New York 13202

To: HANCOCK ESTABROOK LLP
    John G. Powers (508934)
    100 Madison Street, Suite 1500
    Syracuse, NY 13202
    Tel: (315) 565-4500
    jpowers@hancocklaw.com



Dated: September 28, 2018


                                        /s/ *Charles A. Bonner*
                                         Charles A. Bonner
                                         Attorney for Plaintiffs

                                        **RYDER LAW FIRM**
                                        Jesse P. Ryder, Esq.
                                        121 E. Water Street, 3rd. Floor
                                        Syracuse, NY 13202
                                        Tel: (315) 382-3617
                                        Fax: (315) 295-2502

CHARLES A. BONNER, ESQ. SB# 85413
*Pro Hac Vice*
A. CABRAL BONNER, ESQ. SB# 247528
*Pro Hac Vice*
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
charles@bonnerlaw.com
cabral@bonnerlaw.com
ATTORNEYS FOR PLAINTIFFS