UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------

ALONZO and STEPHANIE GRANT,

                Plaintiffs,

      v.                                  5:15-CV-445

CITY OF SYRACUSE; DAMON LOCKETT,
Police Officer; PAUL MONTALTO, Police
Officer; BRIAN NOVITSKY, Police Officer;
and FRANK FOWLER, Chief of Police,

                Defendants.

-----------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF BONNER & BONNER<br>Attorneys for Plaintiffs<br>475 Gate 5 Road, Suite 212<br>Sausalito, CA 94965 | A. CABRAL BONNER, ESQ.<br>CHARLES A. BONNER, ESQ. |
| RYDER LAW FIRM<br>Attorneys for Plaintiffs<br>121 E. Water Street<br>Syracuse, NY 13202 | JESSE P. RYDER, ESQ. |
| CITY OF SYRACUSE CORPORATION<br>   COUNSEL<br>Attorneys for Defendants<br>233 East Washington Street<br>Room 300 City Hall<br>Syracuse, NY 13202 | TODD M. LONG, ESQ.<br>Ass't Corporation Counsel |
| HANCOCK ESTABROOK, LLP<br>Attorneys for Defendants<br>1500 AXA Tower I<br>100 Madison Street<br>Syracuse, NY 13202 | JOHN G. POWERS, ESQ. |

DAVID N. HURD
United States District Judge

# **ORDER**

There is no claim in the amended complaint or in plaintiffs' trial brief of any individual capacity claim against defendant Chief of Police Frank Fowler. The only claim against him in the amended complaint is under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).[1] There is no claim against him in plaintiffs' trial brief.

Therefore, the amended complaint against defendant Chief of Police Frank Fowler will be dismissed.

Therefore, it is

ORDERED that

1. Chief of Police Frank Fowler is DISMISSED as a defendant in this case; and

2. Trial remains scheduled for October 9, 2018, in Utica, New York at 9:30 a.m.

---

[1] As Judge Kahn previously explained, a Monell claim asserted against both Fowler and the City of Syracuse would be redundant. Grant v. City of Syracuse, No. 515CV445LEKTWD, 2017 WL 5564605, at *16, n.13 (N.D.N.Y. Nov. 17, 2017) (Kahn, J.) ("The Amended Complaint also names Chief Fowler as a defendant with respect to this claim. Plaintiffs do not clarify—and Defendants do not discuss—whether Fowler is sued in his individual or official capacity. Where doubt exists as to whether an official is sued in her official or personal capacity, 'the course of proceedings ordinarily resolves the nature of the liability sought to be imposed.' Rodriguez v. Phillips, 66 F.3d 470, 482 (2d Cir. 1995). However, since the parties have not addressed this issue, the Court will simply note that if Fowler is tried in his individual capacity, Plaintiffs must demonstrate 'his direct, personal involvement in the [ ] incident or for plaintiff[s] to establish one of the Colon bases for supervisory liability.' Hulett v. City of Syracuse, No. 14-CV-152, 2017 WL 2333712, at *22 (N.D.N.Y. May 30, 2017) (citing Burwell v. Payton, 131 F. Supp. 3d 268, 302 (D. Vt. 2015)). If Fowler is tried in his official capacity, 'district courts have [regularly] dismissed official capacity claims against individuals as redundant or unnecessary where Monell claims are asserted against an entity.' Id. (quoting Booker v. Bd. of Educ., Baldwinsville Cent. Sch. Dist., 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002) (Munson, S.J.)).

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 4, 2018
       Utica, New York.