UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALONZO GRANT and STEPHANIE GRANT,

                              Plaintiffs,

vs.

CITY OF SYRACUSE; DAMON LOCKETT, Police Officer; and PAUL MONTALTO, Police Officer,

                              Defendants.

Civil Action No.:
5:15-CV-445 (DNH/TWD)

**DEFENDANTS' SECOND SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

      Defendants City of Syracuse, Police Officer Damon Lockett, and Police Officer Paul Montalto (collectively, "Defendants") hereby submit these proposed jury instructions as a supplement to their Proposed Jury Instructions, previously filed at Dkt. 126, and Supplemental Proposed Jury Instructions, previously filed at Dkt. 136 as follows:

1.     Province of the Court and the Jury (§101.10 of Federal Jury Practice & Instructions, hereinafter "O'Malley's"[1]);

2.     Objections and Rulings (§102:71);

3.     Evidence in the Case (§103.30);

    a.  In addition, Defendants propose the following:

    The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations entered into by the parties. By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the

---

[1] 3 Fed. Jury Prac. & Instr. (6th ed.)

questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question. The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife. Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

4. <u>Burden of Proof and Preponderance of the Evidence (§101.41 and 140.01)</u>;

5. <u>Direct and Circumstantial Evidence (§104.05)</u>;

6. <u>Reasonable Inferences</u>

    a. During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs ask you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

7. <u>Number of Witnesses (§104.54)</u>;

8. <u>Missing Witness Charge</u>

[Adapted from O'Malley's § 104:25]

You have heard evidence in this case about Dr. Anil K. Verma, who is Alonzo Grant's doctor; Paul H. Trela, a family nurse practitioner who treated Alonzo Grant; Mike Pesci, a physician's assistant who treated Alonzo Grant; Dr. Daniel Murphy, who is an orthopedic doctor who treated

Alonzo Grant; Shaquille Stirrup, who is an alleged eyewitness to the events on June 28, 2014; Denise Willis, who is an alleged eyewitness to the events on June 28, 2014; Tricia Goldsmith, who is an alleged eyewitness to the events on June 28, 2014; Tammy Wheaton, who is an alleged eyewitness to the events on June 28, 2014; Bertha Davis, who is Alonzo Grant's mother and alleged eyewitness to the events on June 28, 2014; Kayla Chaplin (Grant), who is Plaintiffs' daughter; and Alyssa Grant, who is also Plaintiffs' daughter.  None of those individuals were called to testify by the Plaintiffs.

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.[2]

Accordingly, if you find that the Plaintiffs could have called Dr. Anil K. Verma, Paul H. Trela, FNP, Mike Pesci, PA, Dr. Daniel Murphy, Shaquille Stirrup, Denise Willis, Tricia Goldsmith, Tammy Wheaton, Bertha Davis, Kayla Chaplin (Grant), and Alyssa Grant as witnesses, that those individuals were available to Plaintiffs and not equally available to Defendants, and that those individuals would have given material testimony, then you are permitted to infer that the testimony

---

[2] Kevin F. O'Malley, et al., Fed. Jury Prac. & Instr. Civil § 104:25 (6th ed.); *see also United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997) ("The most appropriate version of a 'missing witness' instruction, where the facts warrant it, permits the jury to draw an adverse inference against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party."); *Moore v. Goord*, 142 F. App'x 496, 498 (2d Cir. 2005) ("A trial court may, in its discretion, give a missing witness charge 'when a party has it peculiarly within its power' to call a relevant witness but does not do so." (quoting *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 275 (2d Cir. 1996)).

of Dr. Verma, Paul Trela, Mike Pesci, Dr. Murphy, Shaquille Stirrup, Denise Willis, Tricia Goldsmith, Tammy Wheaton, Bertha Davis, Kayla Chaplin (Grant), and Alyssa Grant would have been unfavorable to Plaintiffs.

9. <u>Use of Depositions as Evidence (§105:02)</u>;

10. <u>Credibility of Witnesses and Discrepancies in Testimony (§101.43 and 105.01)</u>;

11. <u>Effect of prior inconsistent statements or conduct (§105.09)</u>;

12. <u>Impeachment by Prior Inconsistent Statement (§105.04)</u>;

13. <u>Officer Lockett's Entry into Plaintiffs' Home in Light of the Court's Fed. R. Civ. P. 50(a) Ruling</u>

You will recall that Plaintiffs Alonzo Grant and Stephanie Grant had jointly claimed that Officer Lockett subjected them to an unlawful entry by entering their home without a warrant, in violation of the Grants' Fourth Amendment right to be free from unreasonable searches and seizures. You will also recall that they had claimed the same entry was a Trespass under New York State Law.

However, I have ruled as a matter of law that the Plaintiffs have failed to establish both of those claims. Accordingly, I instruct you that Officer Lockett's entry into the Plaintiffs' home was lawful under the circumstances. You are not to consider whether Officer Lockett unlawfully entered the Plaintiff's home or committed a trespass because, as a matter of law, the Plaintiffs have failed to prove those claims, and, as a result, Officer Lockett's entry into the Plaintiffs' home was lawful and justified.

    14.    <u>New York Penal Law § 35.27</u>

In general, under New York law, a person may use physical force upon another individual when, and to the extent that, he reasonably believes it to be necessary to defend himself from what he reasonably believes to be the use or imminent use of physical force by such individual.[3]

Notwithstanding the rule that I have just explained, a person would not be justified in using physical force in the following circumstance.[4] "A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a police officer or peace officer when it would reasonably appear that the latter is a police officer or peace officer."[5] In that circumstance, a person would not be justified in using physical force to resist arrest.

---

[3] Justification: Use of Physical Force in Defense of a Person, New York Criminal Jury Instructions, Second Edition, *available at* http://www.nycourts.gov/judges/cji/1-General/cjigc.shtml.
[4] *Id.*
[5] N.Y. Penal Law § 35.27.

15. <u>Unanimity of Verdict; Duty to Deliberate; Communications with the Court; Verdict Form (§103:50);</u>

16. <u>Conclusion</u>

In addition to the instructions provided by the court in this regard, Defendants propose the following:

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website such as Google, Facebook, Instagram, YouTube, Twitter, Instagram, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Dated:  October 19, 2018

        CORPORATION COUNSEL
        OF THE CITY OF SYRACUSE

        Todd M. Long, Esq.
        Assistant Corporation Counsel
        Bar Roll No. 519301
        300 City Hall
        Syracuse, New York 13202
        Tel: (315) 448-8400
        Fax: (315) 448-8381
        E-Mail: tlong@syrgov.net

By:   s/John G. Powers
      John G. Powers, Esq.
      HANCOCK & ESTABROOK, LLP
      Bar Roll No. 508934
      100 Madison Street, Suite 100
      Syracuse, New York 13202
      Tel: (315) 565-4500
      Fax: (315) 565-4600
      E-mail: jpowers@hancocklaw.com

*Counsel of Record for the Defendants*

# **CERTIFICATE OF SERVICE**

I, John G. Powers Esq., an attorney for Defendants do hereby certify that on October 19, 2018 I caused to be electronically filed the foregoing Defendants' Second Supplemental Proposed Jury Instructions with the Clerk of the District Court using the CM/ECF system, which is understood to have sent notification of such filing electronically to the following:

>Jesse P. Ryder, Esq.
>Ryder Law Firm
>121 E. Water Street
>Syracuse, NY 13202
>ryderlawfirm@gmail.com
>
>A. Cabral Bonner, Esq.
>Charles A. Bonner, Esq.
>Law Offices of Bonner & Bonner
>475 Gate 5 Road, Suite 212
>Sausalito, CA 94965
>cabral@bonnerlaw.com
>cbonner799@aol.com

Dated: October 19, 2018               s/John G. Powers
                                      John G. Powers, Esq.
                                      Bar Roll No. 508934