```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ALONZO and STEPHANIE GRANT;

        Plaintiffs,

        -v-                        5:15-CV-0445
                                   (DNH/TWD)

DAMON LOCKETT, Police Officer;
PAUL MONTALTO, Police Officer;

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF BONNER & BONNER<br>Attorneys for Plaintiffs<br>475 Gate 5 Road, Suite 212<br>Sausalito, California 94965 | CHARLES A. BONNER, ESQ.<br>A. CABRAL BONNER, ESQ. |
| RYDER LAW FIRM<br>Attorney for Plaintiffs<br>121 E. Water Street<br>Syracuse, New York 13202 | JESSE P. RYDER, ESQ. |
| CITY OF SYRACUSE CORPORATION<br>Attorneys for Defendants<br>233 East Washington Street<br>Room 300 City Hall<br>Syracuse, New York 13202 | CHRISTINA F. DEJOSEPH, ESQ.<br>TODD M. LONG, ESQ. |

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

Plaintiffs Alonzo Grant ("Mr. Grant") and Stephanie Grant ("Mrs. Grant") brought this action pursuant to 42 U.S.C. § 1983 and New York state law against defendants the City of Syracuse ("the City"), Syracuse Police Officer Damon Lockett ("Officer Lockett") and Police Officer Paul Montalto ("Officer Montalto"), among others. On October 23, 2018, following a jury

trial that lasted nine days and featured twenty eight witnesses, the jury found in favor of the plaintiffs against Officers Lockett and Montalto and awarded compensatory damages to Mr. Grant in the amount of $1,130,000.00 and damages for loss of consortium to Mrs. Grant in the amount of $450,000.00.

Presently under consideration are: (a) plaintiffs' letter motion for additional attorneys' fees and expenses and (b) defendants' motion pursuant to Federal Rules of Civil Procedure 62(b) to stay proceedings to enforce the judgment pending appeal. Both motions have been fully briefed.

## II.    FACTUAL BACKGROUND.

Familiarity with the procedural and factual background of this case is presumed, and portions of the background are only recited where necessary to decide the pending motions.

In the February 8, 2019 Memorandum, Decision & Order, defendants' motions for judgment as a matter of law or for a new trial were denied and the plaintiffs' motion for attorneys' fees was granted in part, in the amount of $639,266.50. Defendants filed a Notice of Appeal on February 22, 2019.

## III.    LEGAL STANDARDS.

### A. *Awarding Attorneys' Fees and Expenses*.

Pursuant to 42 U.S.C. § 1988, in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. See 42 U.S.C. § 1988(b). "Determining whether an award of attorney's fees is appropriate requires a two-step inquiry. First, the party must be a 'prevailing party' in order to recover. If [it] is, then the requested fee must also be reasonable." Pino v. Locascio, 101 F.3d 235, 237 (2d Cir.1996) (citations omitted). The purpose of allowing attorneys' fees in a civil

rights action "is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "[A]ccordingly, a prevailing plaintiff should ordinarily recover an attorney fee unless special circumstances would render such an award unjust." Id. (internal quotation marks and citation omitted).

    B. *Motion to Stay*.

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." FED. R. CIV. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Id. However, district courts in the Second Circuit, in their discretion, "may use equitable principles to grant such a stay without a full bond if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." Cayuga Indian Nation of New York v. Pataki, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002) (S.J. McCurn) (internal quotations omitted).

**IV.    DISCUSSION.**

    A. *Motion for Additional Attorneys' Fees and Expenses*.

On February 13, 2019, plaintiffs submitted a letter motion seeking an additional attorneys' fees in the amount of $22,465.00 and costs in the amount of $1,180.00. Plaintiffs assert that these amounts were incurred to oppose defendants' post-trial motion and include 13.4 hours of work from Charles A. Bonner, 16.7 hours from Jesse Ryder and 54.4 hours from A. Cabral Bonner. Defendants object to the request for multiple reasons.

In this circuit, fee awards are governed by the Second Circuit's instructive decision in Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008). Under the protocol announced in Arbor Hill, a court must first consider whether the rates at which compensation is sought are those that a "reasonable, paying client would be willing to pay" before multiplying that figure by the number of hours expended. Arbor Hill, 522 F.3d at 190–91; see also Lewis v. City of Albany Police Dep't, 2008 WL 2103565, at *1 (N.D.N.Y. May 20, 2008) ("Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours."). The Second Circuit cautioned that a court should also "bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Parties may be compensated for attorneys' fees incurred in post-trial motion practice. See Marchisotto v. City of New York, 2009 WL 2229695, at *8 (S.D.N.Y. July 27, 2009).

*(i) Reasonable Fee Rate*.

In the February 8, 2019 Memorandum, Decision and Order, it was determined the appropriate hourly rate for Charles A. Bonner was $350.00 per hour and the appropriate hourly rate for Jesse Ryder and A. Cabral Bonner was $250.00 per hour. These hourly rates will also be applied to the plaintiffs' current request.

(ii) *Reasonable Hours*.

The next step requires a determination of the number of hours reasonably expended by plaintiffs' attorneys. Plaintiffs' attorneys have submitted documentation evidencing that they expended approximately eighty four and one half (84.5) hours in opposition to defendants' post

trial motion.  See Declaration of Charles A. Bonner, Amended Declaration of Jesse P. Ryder, Declaration of A. Cabral Bonner.  Defendants contend that such amount of time is excessive and redundant and that the contemporaneous billing records provided by plaintiffs are vague.

In considering the number of reasonably expended hours, the court should exclude "excessive, redundant or otherwise unnecessary" hours, and "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir.1998) (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); see also; Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir.1998). The court should also consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992) (citing Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1177 (6th Cir. 1990)).  Courts can use significant discretion in making the determination of reasonableness of time spent based on the scope and complexity of a case.  See N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146-47 (2d Cir. 1983).

Reviewing the records submitted by plaintiffs' attorneys, it appears that attorney A. Cabral Bonner primarily worked on the opposition to defendants' post trial motion, with input from Charles A. Bonner and Jesse Ryder.

The Second Circuit requires that any attorney who applies for court-ordered compensation in this Circuit should "specify, for each attorney, the date, the hours expended, and the nature of the work done." New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir.1983). In examining the entirety of plaintiffs' materials, plaintiffs' attorneys have adequately documented both the number of hours spent on the case

and the nature of the work performed during each of those hours. Therefore, the entries are not vague.

Further, the number of hours spent opposing defendants' post-trial motion was neither excessive nor duplicative. The novelty and difficulty of the questions involved and the level of skill required to competently address the numerous and diverse issues raised by defendants in their post-trial motion justify the number of hours billed by plaintiffs' attorneys. See Zhiwen Chen v. County of Suffolk, 927 F. Supp. 2d 58, 74 (E.D.N.Y. 2013) (finding 57.45 hours to address post-trial matters reasonable and not excessive). A reasonable, paying client would have expected their attorneys to expend such hours to fiercely defend the significant jury verdict in their favor. See Dancy v. McGinley, 141 F. Supp. 3d 231, 245 (S.D.N.Y. 2015) ("[Plaintiff] is a prevailing party who received actual relief on the merits of his claim, and he should therefore be compensated for reasonable efforts made by counsel to defend his damages award."). Accordingly, plaintiffs will be awarded additional attorneys' fees.

(iii) *Lodestar Calculation*.

The reasonable attorneys' fees are calculated as follows:

| Attorney | Requested Hours | Rate | Total |
| --- | --- | --- | --- |
| Charles A. Bonner | 13.4 | $350.00 | $ 4,690.00 |
| A. Cabral Bonner | 54.4 | $250.00 | $ 13,600.00 |
| Jesse Ryder | 16.7 | $250.00 | $ 4,175.00 |
| Total | 84.5 | Total | $ 22,465.00 |

Therefore, plaintiffs will be awarded an additional $22,465.00 in attorneys' fees.

(iv) *Costs*.

In addition to attorneys' fees, plaintiffs also request an award of costs in the amount of $1,180.00. Plaintiffs assert that such costs represents the service of trial subpoenas and that the invoice for the expenses was not received until December 16, 2018.

"Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." FED. R. CIV. P. 54. "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Deferio v. City of Syracuse, 2018 WL 3069200, at *9 (N.D.N.Y. June 21, 2018) (Kahn, S.J.). Attorneys' expenditures on litigation that are unnecessary and non-compensable when "they exceed the minimum that a reasonable paying client would pay absent a fee-shifting arrangement." Amerisource Corp. v. Rx USA Intern Inc., 2010 WL 2160017, at *15 (E.D.N.Y. 2010).

However, New York Northern District Local Rule 54.1(a) provides in part that the party entitled to recover costs shall file its request for reimbursement "within thirty (30) days after entry of judgment" and that "[p]ost-trial motions shall not serve to extend the time within which a party may file a verified bill of costs . . ., except on a showing of good cause or an order extending the time." N.D.N.Y.L.R. 54.1(a). Local Rule 54.1(c) provides that a failure to request such costs "within the time provided for in this Rule shall constitute a waiver of taxable costs." N.D.N.Y.L.R. 54.1(c). Where plaintiffs do "not comply with Local Rule 54.1", courts have exercised their discretion to not award taxable costs when submission would be untimely. See Cent. New York Laborers' Health by Moro v. Fahs Constr. Group., Inc., 2017 WL 5160119, at *4 (N.D.N.Y. Apr.

5, 2017); see also Gibson v. CSX Transportation, Inc., 2009 WL 10680308, at *2 (N.D.N.Y. June 9, 2009) (D.J. Scullin).

The initial judgment was entered on October 23, 2018. Plaintiffs assert that they received the invoice on December 16, 2018, a little less than a month after they filed their initial motion for attorneys' fees and expenses on November 20, 2018. However, plaintiffs chose not to supplement their initial motion and waited until February 13, 2019 to request reimbursement for these expenses, a date almost two months after receiving the invoice and almost four months after the initial judgment was entered. Plaintiffs have not provided any good cause to justify this delay. Therefore, plaintiffs' request for reimbursement of costs associated with the service of trial subpoenas is untimely and will be denied.

B. *Motion to Stay*.

Defendants request an order staying enforcement of the October 23, 2018 Judgment against them in the amount of $1,580,000.00 (the "October 23rd Judgment"), the February 8, 2019 Judgment against them in the amount of $639,266.50 (the "February 8th Judgment") and any other judgment against them in this matter, including the judgment which will arise for the granting of additional attorneys' fees pursuant to this order (collectively, the "Judgments") pending the determination of defendants' appeal and further request that defendants not be required to post a bond.[1] Plaintiffs oppose this request.

Where a party posts a full bond or other security pursuant to Federal Rule of Civil Procedure 62(b), such party is entitled to a stay from a monetary judgment as a matter of right.

---

[1] On November 6, 2018, defendants also filed a motion to stay proceedings. See ECF No. 162. This motion will be denied as moot.

See Cohen v. Metro. Life Ins. Co., 334 Fed. App'x 375, 378 (2d Cir. 2009); Frommert v. Conkright, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009) ("[The] rule provides for an automatic stay pending appeal upon the posting of a supersedeas bond by the appellant."). While defendants convey that they are willing to post a bond, they assert that the bond requirement should be waived consistent with existing case law.

"It is commonly understood that the purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Cayuga Indian Nation, 188 F. Supp. 2d at 254 (internal quotation omitted). The "factors germane to the determination as to whether to waive the posting of a bond include" (a) "the degree of confidence that the district court has in the availability of funds to pay the judgment", (b) "whether the defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money" and (c) "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendants in an insecure position." Id. (internal quotation omitted); see also Frommert, 639 F. Supp. 2d at 308 ("[I]f the district court is confident that the judgment debtor will continue to have sufficient funds to satisfy the judgment, the court may dispense with the bond requirement.").

Courts in the Second Circuit "have found that state and municipal governments often have 'ample means to satisfy [judgments]' and accordingly have granted requests to waive the supersedeas bond requirement." Conte v. County of Nassau, 2017 WL 9478355, at *3 (E.D.N.Y. May 4, 2017) (quoting Ortiz v. N.Y.C. Hous. Auth., 22 F. Supp. 2d 15, 40 E.D.N.Y. 1998)); see also In re Nassau County Strip Search Cases, 783 F.3d 414, 417-418 (2d Cir. 2015); River Oaks Marine, Inc. v. Town of Grand Island, 1992 WL 406813, at *2 (W.D.N.Y. 1992).

In support of their request, defendants have submitted a declaration from Mr. David Delvecchio, the Commissioner of Finance for the City of Syracuse. See Delvecchio Declaration, ECF No. 197-2. In his declaration, Delvecchio advises that the City of Syracuse will indemnify defendants Lockett and Montalto and that the City is solvent, has an annual budget exceeding $245 million and the ability to issue municipal bonds to raise additional funds. Further, the City currently has "A" ratings which each major credit rating agencies. Lastly, the City has obtained a quote from their insurance broker concerning the supersedeas bond and that it would cost approximately $33,200.00.

Given the fact that the City of Syracuse is a solvent municipal corporation with good credit ratings, it has established that it will have the ability to pay the Judgments to plaintiffs if and when the Judgments are affirmed on appeal. As a result, requiring defendants to provide a supersedeas bond at this point would represent a waste of money that would be borne by the taxpayers. Therefore, defendants' motion for a stay of enforcement of the Judgments pending the disposition of defendants' appeal will be granted and the requirement that defendants post a supersedeas bond or other security will be waived.

## V. CONCLUSION.

Based upon the foregoing, plaintiff Alonzo Grant has established entitlement to an additional $22,465.00 in attorneys' fees and a judgment will be entered reflecting the same. However, neither plaintiff has established entitlement to additional costs. Defendants have established entitlement to a stay of enforcement of the Judgements against them pending appeal and waiver of any bond or security.

Therefore, it is ORDERED that

(1) Plaintiffs' letter motion for additional attorneys' fees and costs (ECF No. 194) is **GRANTED** in part and **DENIED** in part;

(2) Plaintiff Alonzo Grant is awarded additional attorneys' fees in the amount of **$22,465.00**;

(3) Defendants' motion for a stay (ECF No. 162) is **DENIED** as moot;

(4) Defendants' motion to stay judgment pending appeal pursuant to Federal Rule of Civil Procedure 62(b) (ECF No. 197) is **GRANTED**;

(5) Any enforcement of the Judgments entered against defendants is **STAYED** pending the disposition of defendants' appeal before the Second Circuit Court of Appeals, without the need for defendants to obtain or provide a bond or other security; and

(6) The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

Dated: April 26, 2019
       Utica, New York

United States District Judge