UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ALONZO GRANT and STEPHANIE
GRANT,

                              Plaintiffs,

     -v-                                        5:15-CV-445

DAMON LOCKETT; and PAUL
MONTALTO,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

LAW OFFICES OF BONNER               CHARLES A. BONNER, ESQ.
    & BONNER                         A. CABRAL BONNER, ESQ.
Attorneys for Plaintiffs
475 Gate 5 Road, Suite 211
Sausalito, California 94965

RYDER LAW FIRM                      JESSE P. RYDER, ESQ.
Attorneys for Plaintiffs
6739 Myers Road
East Syracuse, New York 13257

BERGSTEIN & ULLRICH, LLP            STEPHEN BERGSTEIN, ESQ.
Attorneys for Plaintiffs
5 Paradies Lane
New Paltz, New York 12561

HANCOCK ESTABROOK, LLP              JOHN G. POWERS, ESQ.
Attorneys for Defendants            MARY L. D'AGOSTINO, ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202

CITY OF SYRACUSE LAW          TODD M. LONG, ESQ.
   DEPARTMENT
Attorneys for Defendants
233 East Washington Street, 300 City Hall
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

On October 23, 2018, plaintiffs Alonzo Grant ("Alonzo") and Stephanie

Grant (together "plaintiffs") won a jury verdict of $1,580,000.00 against

defendant police officers Damon Lockett and Paul Montalto (together

"defendants").[1] *Grant v. City of Syracuse*, 357 F. Supp. 3d 180, 190

(N.D.N.Y. 2019).  On December 8, 2021, a Second Circuit panel affirmed the

verdict.  *Grant v. Lockett*, 2021 WL 5816245 (2d Cir. Dec. 8, 2021) (summary

order).

On December 21, 2021, plaintiffs' attorney Stephen Bergstein, Esq.

("Bergstein") filed an application for attorneys' fees on Alonzo's behalf,

because he was the prevailing plaintiff in a § 1983 case.[2]  Dkt. 230.  That

motion came well before the Second Circuit issued its mandate on March

17, 2022.  Dkt. 238.  As a result, Alonzo needed to subsequently renew his

motion when the mandate issued.  Dkt. 241.  After defendants responded to

---

[1] The facts of this case have been discussed several times at this point.  The parties' familiarity with the underlying facts will therefore be assumed.

[2] Stephanie Grant prevailed only on state law claims, and therefore was not entitled to attorney's fees.

2

Alonzo's motion, plaintiffs asked for and were granted leave to file a reply brief. Dkts. 246; 247. Because Alonzo's reply brief carried with it a supplemental fee request, defendants were compelled to file a sur-reply to address the new fees. Dkt. 251.

On June 2, 2022, Alonzo's fee request was granted, albeit with some reductions to keep the fee within the bounds of reason. *See generally* Dkt. 253, *passim*. For his part, Bergstein's hours expended and fee rate requested were kept almost entirely intact. *See id.* at 8-11, 14-15.[3] In fact, the *only* portion of Bergstein's requested fees that was disturbed at all was his supplemental fee request submitted with his reply brief. *See id.* at 15-18.

Those fees were denied, principally because the work that generated them was wasteful. Dkt. 253, pp. 15-18. For example, some of the fees Bergstein requested were for plaintiffs' opposition to the filing of *amicus curiae* briefs before the Second Circuit. *See id.* at 17-18. But motions for *amici* participation are granted routinely, so that effort was effectively doomed from the start. *See id.*

The rest of Bergstein's fees that Alonzo was denied were for Bergstein's time spent drafting the reply brief. Dkt. 253, pp. 15-17. Apparently, Bergstein did not agree with that determination. On June 3, 2022, plaintiffs

---

[3] Pagination corresponds with CM/ECF.

moved for reconsideration of the denial of Bergstein's supplemental fee request.  Dkt. 255.  However, the motion apparently conceded that it was proper to deny Bergstein's fees opposing the *amici* briefs.  *See id.*  Instead, plaintiffs challenged the denial of fees for the hours spent on the reply brief. *Id.*  That motion, having been fully briefed, will now be decided on the submissions and without oral argument.

A movant faces a "strict" standard on a motion for reconsideration. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  That high bar is intended to prevent parties from chasing rehearing on the merits to levy facts and arguments that were available to them from the outset but that they neglected to use to their advantage.  *See id.*  That is to say, motions for reconsideration are an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 147 (E.D.N.Y. 2010).

Thus, a prior ruling will only be reconsidered and vacated if:  (1) the law has changed since that ruling was first issued; (2) new evidence not previously available comes to light; or (3) reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864).

Bergstein's being denied attorney's fees for his reply brief does not fall into any of those three categories.  Even assuming that Bergstein would have requested leave to file the reply brief if he had waited to move for attorneys' fees until after the mandate, he points to no change of law or new evidence that would make the previous denial of fees improper now.  *See Delaney*, 899 F. Supp. at 925.

Nor would denying him fees spent on reply be a "clear error of law" when courts have long been permitted to trim excessive hours from a fee request. *See, e.g.*, *Wong v. Yoo*, 2010 WL 4137532, at *3 (E.D.N.Y. Oct. 19, 2010) (noting that court "can deduct hours if it finds that the hours charged are superfluous or unreasonable").

Accordingly, Bergstein's only hope of earning reconsideration on his fee request is if he can establish that denying him fees from the hours he spent drafting the reply brief amounted to a "manifest injustice." *Delaney*, 899 F. Supp. at 925.  He cannot so much as approach that high standard.

After all, a court's duty in assessing a fee request is to determine a "reasonable fee" by the rubric of "rough justice." *Koziol v. King*, 2016 WL 1298133, at *1 (N.D.N.Y. Mar. 31, 2016).  Denying Bergstein fees for the hours spent on reply fit that bill.

Ultimately, Bergstein's fees on reply were denied as an abject lesson in the imprudence of creating more work for the Court.  Because Bergstein moved

for fees before the mandate was handed down, the Court was required to stay his fee request, reopen it when the mandate issued, and then consider additional fees that he accumulated only after the initial fee request. Dkts. 235; 241; 253.

Worse yet, there was clear case law letting Bergstein know that there was no need for him to follow this unusual procedure.  Dkt. 253, pp. 15-16.  The time spent in the fees order educating Bergstein on that case law would have been meaningless if Bergstein had avoided all consequences for his mistake. *Id.*  Accordingly, there is no resulting manifest injustice from denying his fee request.

But even setting that rationale aside and assuming that Bergstein would have filed the same papers in the same order regardless of when he first moved for attorney's fees, his strategy in handling his fee request was patently inefficient.  Alonzo's memorandum of law in support of the initial fee request provided a paltry ten pages of substantive argument. *See* Dkt. 230-14, pp. 6-15.  His eventual reply was precisely the same length. *See* Dkt. 248, pp. 4-13.

There is precious little new under the sun when it comes to allocating attorney's fees, and an experienced attorney such as Bergstein should have been able to anticipate defendants' arguments.  But he did not even try.  Instead, he provided a basic justification for the fees with his initial

memorandum of law, waited for defendants to air their objections, and only then addressed defendants' claimed deficiencies.

Functionally, then, Bergstein's reply remains "necessitated by his own errant tactical decisions." Dkt. 253, p. 15. Had he waited until the mandate had issued and anticipated defendants' arguments in one comprehensive motion, he could have moved for the fees associated with opposing the *amicus curiae* briefs in his initial motion while claiming a more substantial number of hours for that more significant motion. As a result, the entire issue could have been resolved on his initial motion and defendants' response in opposition.

Instead, Bergstein's tactics resulted in two additional filings: his reply and then defendants' sur-reply in opposition to his newly requested fees. Considering his extensive experience and the high quality of his work in this case otherwise, it made far more sense to simply cut off Bergstein's supplemental fee request to avoid similar mistakes in the future than to penalize his other work in this case by making wholesale cuts. Thus, there was no manifest injustice in denying Alonzo's supplemental fee request in its entirety. Plaintiffs' motion for reconsideration must be denied. *See Starkey v. Somers Cent. Sch. Dist.*, 2008 WL 5378123, at *6 (S.D.N.Y. Dec. 23, 2008) (noting that courts should be "alert to reduce the fee request to account for unnecessary expenditures").

7

Therefore, it is

ORDERED that

Plaintiff Alonzo Grant's Motion for reconsideration is DENIED.

IT IS SO ORDERED.


Dated:  July 6, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge